## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| PRO FIT MANAGEMENT, INC., a Missouri Corporation, d/b/a DRAFT INCREASE SOLUTIONS, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   Civil Action No. |
| TRIVEST PARTNERS, L.P., a Florida limited partnership, and TRIVEST PARTNERS, INC., a Florida corporation, as general partner of TRIVEST PARTNERS, L.P., a Florida limited partnership, DAVID A. GERSHMAN, an individual, PETER VANDENDENBERG, JR., an individual, and GERALD W.B. WEBER, an individual, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Plaintiff, PRO FIT MANAGEMENT, INC. a Missouri corporation, d/b/a Draft Increase Solutions, sues defendants, TRIVEST PARTNERS, L.P., a Florida limited partnership, and TRIVEST PARTNERS, INC., a Florida corporation, as the general partner of TRIVEST PARTNERS, L.P., a Florida limited partnership, DAVID A. GERSHMAN, an individual, PETER VANDENDENBERG, JR., an individual, and GERALD W.B. WEBER, an individual, and alleges:

### BACKGROUND

1. This is an action for damages based on secondary liability arising out of direct copyright infringement committed in this judicial district by Lady of America Franchise Corporation, a Florida Corporation ("LOAFC").

2. LOAFC is not a party to this action because plaintiff's claims for direct copyright infringement are pending in the District of Kansas in Case No. 08-CV-2662 JAR/DJW, *Pro Fit Management, Inc., etc. v. Lady of America Franchise Corporation, et al.*

3. This independent action has been brought in this judicial district because the District of Kansas does not have personal jurisdiction over the defendants named herein.

## JURISDICTION AND PARTIES

4. Plaintiff, PRO FIT MANAGEMENT, INC., d/b/a Draft Increase Solutions, is a Missouri corporation with its principal place of business in Overland Park, Kansas.

5. Defendant, TRIVEST PARTNERS, L.P., is a Florida limited partnership having its principal place of business in Miami-Dade County, Florida.

6. Defendant, TRIVEST PARTNERS, INC., is a Florida corporation having its principal place of business in Miami-Dade County, Florida, and, at all times material hereto, TRIVEST PARTNERS, INC., has been the general partner of TRIVEST PARTNERS, L.P.

7. Defendant, DAVID A. GERSHMAN, ("GERSHMAN"), is a resident of Miami-Dade County, Florida, and, at all times material hereto, he has acted as a member of the boards of directors of both LOAFC and defendant, TRIVEST PARTNERS, INC.

8. Defendant, GERALD W.B. WEBER, ("WEBER"), is a resident of Broward County, Florida, and, at all times material hereto, he has acted as the president of LOAFC and as a member of the board of directors of LOAFC.

9. Defendant, PETER VANDENDENBERG, JR., ("VANDENBERG"), is a resident of Miami-Dade County, Florida, and, at all times material hereto, he has acted as a member of the boards of directors of both LOAFC and defendant, TRIVEST PARTNERS, INC.

10. At all times material hereto, TRIVEST PARTNERS, L.P., and its general partner, TRIVEST PARTNERS, INC., (collectively, "TRIVEST"), operated, conducted, engaged in and/or carried on a business or business venture in Miami-Dade County, Florida, and the matters alleged herein arose out of transactions, conduct and dealings connected with or incidental to such business or business venture.

11. At all times material hereto, a parent-subsidiary relationship has existed between TRIVEST and LOAFC in that (1) TRIVEST and LOAFC have had common stock ownership; (2) TRIVEST and LOAFC have had common directors or officers; (3) TRIVEST and LOAFC have had common business departments; (4) TRIVEST and LOAFC have filed consolidated financial statements and tax returns; (5) TRIVEST has financed LOAFC; (6) LOAFC has operated with grossly inadequate capital; (7) TRIVEST has paid the salaries and other expenses of LOAFC; (8) TRIVEST has used LOAFC's property as its own; (9) the daily operations of TRIVEST and LOAFC have not been kept separate; and/or (10) LOAFC has not observed the basic corporate formalities.

12. This is an action for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C. §§ 101 *et seq.*

13. This Court has jurisdiction under Title 28 U.S.C. §§ 1331 and 1338(a) in that the claims asserted herein arose in this judicial district and all defendants do business in this judicial district. Venue in this judicial district is proper under Title 28 U.S.C. §§ 1391(b)(1), 1391(c) and 1400(a) in that in that this is the judicial district in which the defendants have their principal offices, conduct business and/or reside or may be found.

**FACTUAL ALLEGATIONS**

14. In or about the winter of 2005, as a result of extensive research and study into techniques and methods for maximizing health club marketing effectiveness, plaintiff created a proprietary health club marketing program entitled "*Forever Fit*," which consisted of original forms and procedures incorporating the marketing techniques and methods developed by plaintiff. Copies of some of the exemplary materials of the "*Forever Fit*" program are attached hereto as Exhibits A-1, A-2, A-3, A-4, A-5, A-6 and A-7.

15. On or about March 24, 2006, Plaintiff's President, Mike Murphy, deposited the "*Forever Fit*" program materials with the United States Register of Copyrights and received Certificate Number TXu1-293-992, which he assigned to Plaintiff.

16. In or about December, 2008, LOAFC made unauthorized copies of plaintiff's copyrighted "*Forever Fit*" program, included the copied materials as part of "*The Waist Away Challenge*," sold the copied materials to LOAFC franchisees and others, and represented to the franchisees and others that "*The Waist Away Challenge*" was LOAFC's original work. Copies of some of the exemplary materials of "*The Waist Away Challenge*" program are attached hereto as Exhibits B-1, B-2, B-3, B-4, B-5, B-6 and B-7.

17. The materials copied by LOAFC and included as part of "*The Waist Away Challenge*" by LOAFC are essentially identical copies of the materials contained in plaintiff's copyrighted "*Forever Fit*" program. *Cf.,* Exhibit A-1 with Exhibit B-1; Exhibit A-2 with Exhibit B-2; Exhibit A-3 with Exhibit B-3; Exhibit A-4 with Exhibit B-4; Exhibit A-5 with Exhibit B-5; Exhibit A-6 with Exhibit B-6; and Exhibit A-7 with Exhibit B-7.

18. LOAFC's actions in copying, selling and publishing copyrighted portions of the "*Forever Fit*" program constitute infringement of plaintiff's copyright of the "*Forever Fit*"

program, in violation of plaintiff's rights under the copyright laws of the United States, specifically, 17 U.S.C. § 106.

19. For a substantial period of time beginning in December 2008, and continuing for a number months thereafter, LOAFC published and sold *"The Waist Away Challenge"* materials in violation of plaintiff's copyright and further engaged in unfair trade practices and unfair competition in connection with its publication and sale of *"The Waist Away Challenge"* materials.

20. LOAFC's infringement of plaintiff's copyright was committed willfully.

21. Plaintiff has notified LOAFC in writing of the infringement.

22. LOAFC's unlawful sales of the infringing materials contained in *"The Waist Away Challenge"* program have deprived plaintiff of substantial income that plaintiff would have otherwise obtained from the sale of its *"Forever Fit"* program.

23. LOAFC's unlawful sales of the infringing materials contained in *"The Waist Away Challenge"* program have generated substantial profits for LOAFC which LOAFC was not entitled to receive.

24. As a direct and proximate result of LOAFC's infringement of plaintiff's copyright and exclusive rights under copyright law, plaintiff is entitled to recover the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at plaintiff's election pursuant to 17 U.S.C. § 504(b), plaintiff is entitled to recover its actual damages plus defendants' profits from the infringement, as proven at trial.

25. Plaintiff is entitled to recover its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## COUNT ONE

26. Plaintiff realleges paragraphs 1 through 25 above.

27. This is an action for vicarious copyright infringement.

28. LOAFC is liable to plaintiff as a direct infringer of plaintiff's copyright.

29. At all times material hereto, defendants, both individually and collectively, have had the right and ability to supervise LOAFC.

30. Defendants, both individually and collectively, have derived direct financial benefit from LOAFC's infringement of plaintiff's copyrighted program.

31. Defendants' conduct has been willful, intentional and purposeful, and in disregard of and indifferent to the rights of plaintiff.

32. As a direct and proximate result of LOAFC's infringement of plaintiff's copyright and exclusive rights under copyright law, plaintiff is entitled to recover the maximum statutory damages pursuant to 17 U.S.C. § 504(c). Alternatively, at plaintiff's election pursuant to 17 U.S.C. § 504(b), plaintiff is entitled to recover its actual damages plus defendants' profits from the LOAFC infringement, as proven at trial.

## COUNT TWO

33. Plaintiff realleges paragraphs 1 through 25 above.

34. This is an action for contributory copyright infringement.

35. LOAFC is liable to plaintiff as a direct infringer of plaintiff's copyright.

36. At all times material hereto, defendants, both individually and collectively, materially and willfully contributed to the infringement through encouragement, intentional inducement, causation or material contribution to LOAFC's conduct.

37. Defendants, both individually and collectively, are responsible in whole or in part for establishing the policies and procedures that have led to LOAFC's infringement of plaintiff's *"Forever Fit"* program.

38. At all times material hereto, defendants have had actual and constructive knowledge of LOAFC's acts of infringement.

39. Acting with such actual and constructive knowledge of LOAFC's infringement, defendants, both individually and collectively, have enabled, induced, facilitated and materially contributed to LOAFC's acts of infringement.

40. Defendants' acts have been willful, intentional and purposeful, and in disregard of and indifferent to the rights of plaintiff.

41. As a direct and proximate result of LOAFC's infringement, and defendants' contributions to LOAFC's violations of plaintiff's copyright and exclusive rights under copyright law, plaintiff is entitled to recover the maximum statutory damages pursuant to 17 U.S.C. § 504(c) from defendants. Alternatively, at plaintiff's election pursuant to 17 U.S.C. § 504(b), plaintiff is entitled to recover its actual damages plus defendants' profits from the LOAFC infringement, as proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(a) For a declaration that Defendants infringed Plaintiff's copyright both directly and secondarily;

(b) For a declaration that all of Defendants' rights in any infringing works, including but not limited to the portions copied from Plaintiff's *"Forever Fit"* program, are null and void, and declaring Plaintiff the owner of all such rights in *"The Waist Away Challenge;"*

(c) For a permanent injunction requiring that Defendants and their agents, officers, representatives, operatives, distributors, employees, servants, successors, assigns and attorneys and all those in active conceit or participation with them, cease directly or indirectly, or causing, enable-

ing, facilitating, encouraging, promoting and inducing or participating in the infringement of Plaintiff's copyrights or exclusive rights protected by the Copyright Act in the *"Forever Fit"* program;

(d) For a declaration directing Defendants to recall, seize and impound any and all copies of materials which contain unauthorized portions of Plaintiff's *"Forever Fit"* program;

(e) For a declaration directing Defendants to cancel and declare void any and all contracts that involve materials containing unauthorized portions of Plaintiff's *"Forever Fit"* program;

(f) For a declaration directing Defendants to disseminate corrective advertising to ameliorate the adverse consequences of their infringing and/or unlawful acts; the content, nature, form and extent of which is to be approved by Plaintiff and this Court;

(g) For a declaration imposing a constructive trust over those monies obtained by Defendants as a result of their copyright infringement;

(h) For a declaration directing Defendants to account for all gains, profits, savings and advantages realized by Defendants from the aforesaid infringing and unlawful acts;

(i) For statutory damages pursuant to 17 U.S.C. § 504(c). Furthermore, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), for actual damages plus Defendants' profits from infringement, as will be proven at trial;

(j) For Plaintiff's costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

(k) For pre- and post-judgment interest according to law; and

(l) For such other and further relief as the Court deems just, proper and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

DATED this 5th day of December, 2011.

By: s/Carl H. Hoffman
Carl H. Hoffman (Florida Bar N0: 118997)
Attorney E-Mail Address: chh@hoffhertz.com
HOFFMAN & HERTZIG, PA
901 Ponce de Leon Blvd., Suite 500
Coral Gables, Florida 33134
Telephone: (305) 445-3100
Facsimile: (305) 444-5656
Attorney for Plaintiff